In the Matter of ROBERT D. O'CONNELL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 4, 1986

## APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Kevin C. O'Connell* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York

by this court on September 8, 1975. He is charged by the Grievance Committee of the Seventh Judicial District with various violations of the Disciplinary Rules of the Code of Professional Responsibility, specifically DR 1-102 (5), engaging in conduct prejudicial to the administration of justice in failing to cooperate in the investigation of a complaint filed with the Committee; DR 6-101 (3), neglecting a legal matter entrusted to him; and DR 7-101 (A) (2), (3), failing to carry out a contract of employment with a client to the prejudice and damage of his client.

Respondent was retained to represent a client in a negligence action. After the case was placed in suit, defendants served a 90-day demand on plaintiff to file a note of issue. Respondent, as attorney of plaintiff in the action, ignored this demand and the complaint was dismissed for failure to prosecute (CPLR 3216). Respondent filed a notice of appeal from the order which dismissed the complaint, but the appeal was not timely and was subsequently dismissed by this court.

Following receipt of a complaint in August 1983 from respondent's client in this case, counsel for the Committee communicated with respondent, who had now moved to and resettled in California, seeking a response to the complaint (22 NYCRR 1022.19 [e] [1] [i]). This request and others were substantially ignored by respondent. Following the filing of a petition with this court in February 1985, respondent again failed to respond in a timely fashion despite numerous requests that he submit an answer to the court. These requests, over a period of several months, resulted only in last minute mailgrams or telephone calls to the court promising a reply to the charges. In January 1986, respondent filed an answer to the petition, which fails to raise any factual issues except that respondent disputes the contention that he has failed to cooperate in the investigation of the complaint. We find respondent's argument without merit.

That respondent neglected a legal matter entrusted to him which resulted in the dismissal of the client's complaint cannot be disputed. No mitigating circumstances have been offered to explain this nonfeasance. The petition of February 1985 charging respondent with misconduct was not substantially disputed by an answer filed in January 1986. The passage of this extended period of time from the initiation of the complaint against respondent until the final submission of the matter to the court was clearly the result of attempts by

the Committee and the court to obtain respondent's cooperation and reply to the charges. The accommodations, however, were one-sided, with cooperation by respondent, at best, minimal.

We find that respondent is guilty of professional misconduct as charged in the petition, and he is suspended from the practice of law for a period of six months and until the further order of this court.

DILLON, P. J., CALLAHAN, DOERR, DENMAN and GREEN, JJ., concur.

Order of suspension entered.